**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 22, 2012[*]
Decided August 24, 2012

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 12-1848 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 03-CR-20027 Michael P. McCuskey, |
| DANNY L. DIXON, *Defendant-Appellant.* | *Judge.* |

### Order

Danny Dixon filed a motion for a sentence reduction after the Sentencing Commission made a retroactive change in the Guideline for crack-cocaine offenses. The district court reduced his sentence from 360 months to 348 months. He had asked the judge to cut the sentence to 324 months and has appealed from the adverse decision.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

His lawyer has filed an *Anders* brief. See *Anders v. California*, 386 U.S. 264 (1967). Counsel observes that district judges have substantial discretion to choose the amount (if any) of a reduction under a retroactive Guideline and that appellate review is deferential. The district judge concluded that a further reduction would be inappropriate because Dixon has shown contempt for the law during his time in prison. He has been disciplined for multiple offenses, including assaulting other prisoners with homemade weapons. These events, plus Dixon's extensive record before the current conviction and the fact that he became a fugitive after release on bail, led the district court to conclude that a long sentence remains necessary for both deterrence and incapacitation.

Dixon was invited to respond to counsel's brief but did not do so. We agree with counsel's evaluation of this appeal. Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.